UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EVERETT CHATTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:08-CV-454 |
| | ) (VARLAN/SHIRLEY) |
| V. | ) |
| | ) |
| TOHO TENAX AMERICA, | ) |
| | ) |
| Defendant. | ) |

**<u>PROTECTIVE ORDER</u>**

It is hereby **ORDERED** that the following provisions shall govern claims of confidentiality in these proceedings:

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c) Only documents containing trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it. Such documents or parts thereof

will be designated after review by an attorney for the producing party by stamping the word confidential on each page.

(d) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

(e) Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be advised of this order and shall further be advised of the obligation to honor the confidentiality designation.

(f) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(g) In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs,

applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

(h) In any application to the Court referred to or permitted by this order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(i) The parties shall comply with their obligation, set for in Rule 5.2(a) of the Federal Rules of Civil Procedure, to redact portions of Social Security Numbers, dates of birth, financial account numbers, and the names of minors in their filings with this Court. Further, they shall make the same redactions in documents exchanged amongst themselves during discovery.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge